UNITED STATES of America,
Plaintiff–Appellee,

v.

Amaro CALDERON–PORRAS,
Defendant–Appellant.

No. 89–2170.

United States Court of Appeals,
Tenth Circuit.

Aug. 21, 1990.

Presiliano Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Charles A. Harwood (James B. Foy on the brief), Silver City, N.M., for defendant-appellant.

Before LOGAN, BALDOCK, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Amaro Calderon–Porras pled guilty to one count of unlawfully and intentionally importing less than fifty kilograms of mari-

juana in violation of 21 U.S.C. § 952(a), and § 960(a)(1) and (b)(4).

Mr. Calderon–Porras appeals only his sentence, asserting that he should have been classified as a "minimal participant" and thus have received a lesser sentence.

## I

The Sentencing Guidelines provide for decreasing the offense level by four levels if the defendant was a "minimal participant in any criminal activity." Sentencing Guidelines § 3B1.2.[1]

The term "minimal participant" is not defined by the Sentencing Guidelines. The commentary, however, provides that the four-level decrease "applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group." § 3B1.2., Application Note 1. In determining whether or not the defendant's role in the offense merits being classified as a minimal participant, the commentary instructs us to focus upon "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* The commentary clearly indicates that "the downward adjustment for a minimal participant will be used infrequently." *Id.* Note 2.

When we review a determination by the district court that a defendant is or is not a minimal participant, we are reviewing whether or not the district court correctly applied the Sentencing Guidelines to the factual findings. A finding that a defendant is or is not a minimal participant is itself a finding of fact, not a legal conclusion. *United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir.1989) (citing *United States v. Franco–Torres,* 869 F.2d 797, 800 (5th Cir.1989)). We must accept the findings of fact of the district court unless they are clearly erroneous. 18 U.S.C. § 3742(d)(2). We give due deference to the district court's application of the

Sentencing Guidelines to the facts. 18 U.S.C. § 3742(e); *United States v. Smith,* 888 F.2d 720, 723 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

## II

Mr. Calderon–Porras contends the district court should have classified him as a minimal participant, thereby entitling him to a reduction of four offense levels and a lesser sentence.

We look first to the facts. The presentence report describes the conduct of the offense in detail. Paragraph 9 of the presentence report describes the significant details as follows:

During interview, subsequent to arrest, Amaro Calderon–Porras stated that approximately one week prior to the arrest date, he had met a man in Palomas, Mexico. He indicated the man had requested that Amaro purchase an AR–15 rifle which he was to deliver to the man in Palomas. The man then gave Calderon $600 in currency for that purpose. Mr. Calderon related that on January 28, after purchasing the rifle per the man's instructions, he, Oscar and Jesus Martinez–Mercado, departed from Alamogordo en route to Palomas, to deliver the firearm. Following their arrival, they met the man in a Palomas bar and delivered the weapon to him. According to Calderon, the man spoke to each of the three of them separately. The man offered Calderon $1,000 to transport 12 kilograms of marijuana, which he was to deposit in a dumpster behind a grocery store in Deming, New Mexico. Thereafter, the man instructed him to proceed to the port of entry and meet his two friends, along the highway, who would already have the marijuana. Calderon was informed by the man that he would be paid $1,000 upon his return to Palomas, after the marijuana had been delivered. Calderon related that because of

---

**1.** It should be noted that § 3B1.2(b) of the Sentencing Guidelines provides for a two-level decrease in the offense level if the defendant was a "minor participant." No contention has been made in this case that appellant should be so classified. Consequently, we do not address the questions associated with this determination.

the delay occasioned by the search of his vehicle at the port of entry, Jesus and Oscar Martinez–Mercado concealed the marijuana in a conduit near the highway, and proceeded to walk back towards the port of entry. After he was allowed to depart from the port of entry, Calderon picked up Oscar and Jesus then returned to Mexico through the port of entry.

The presentence report further sets forth that Oscar Martinez–Mercado was to be paid separately by the man in Palomas to assist in taking the marijuana to Deming and that Jesus Martinez–Mercado was expecting to be paid by his brother. The presentence report concluded that Mr. Calderon–Porras did not qualify for status as a minimal participant because his involvement appeared to be more extensive than was the codefendants', the Martinez–Mercado brothers.

At the sentencing hearing, counsel for Mr. Calderon–Porras specifically agreed with the factual statements contained in the presentence report but argued that his client was recruited for a single smuggling operation involving a small amount of drugs and his role was only that of a courier. The district court found that Mr. Calderon–Porras was not entitled to the four-level reduction as a minimal participant. The court then imposed a sentence at the lower edge of the Guideline range, because the amount of marijuana was small and Mr. Calderon–Porras was a first-time offender.

 Mr. Calderon–Porras first argues that this was his first attempt at smuggling marijuana, and further that the "actions of the three defendants were analogous to a group of unsophisticated and amateur type smugglers," akin to "something that you would see at a Three Stooges Film Festival." Mr. Calderon–Porras contends that these facts indicate that he was a minimal participant. However, the commentary to the Guidelines directs us to focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense. Criminal skill or lack thereof is not a factor to be considered in determining whether or not someone is a minimal participant; neither is a defendant's criminal experience or lack thereof.

 Mr. Calderon–Porras next cites the example of a "minimal participant" contained in the commentary to § 3B1.2. The commentary indicates that the downward adjustment for a minimal participant would be appropriate "for someone who played no other role in a very large drug-smuggling operation than to off-load part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Commentary, Application Note 2. Mr. Calderon–Porras contends that he is the one-time courier described in the commentary. In making this assertion, Mr. Calderon–Porras overlooks certain facts. Mr. Calderon–Porras was not only the driver of the automobile, he furnished his own automobile for the smuggling operation. Mr. Calderon–Porras also recruited or furnished his two friends, the Martinez–Mercado brothers, to "walk" the marijuana across the border. Mr. Calderon–Porras knew the quantity of marijuana to be smuggled and knew its destination. While the commentary indicates that some couriers may appropriately receive classification as minimal participants, it does not mandate this result for all couriers. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). A drug-smuggling operation has many participants; some may purchase, some may transport, some may distribute, and some may sell. All are indispensable to the operation. It would be unproductive to debate which function is the more culpable. It is for this reason the commentary directs us to focus upon the defendant's knowledge *and* the activities of others. The ultimate determination of whether or not a defendant is entitled to be classified as a minimal participant is heavily dependent upon the facts of each case, and each case must be judged separately. The mere fact that a defendant is a courier in a drug-smuggling operation does not en-

title that defendant to be classified as a minimal participant. The concerted activity in the case before us was that of smuggling marijuana from Mexico to Deming, New Mexico. Viewed in this context, Mr. Calderon–Porras' conduct in such activity was not that of a minimal participant.

We must give due deference to the district court's application of the facts to the Sentencing Guidelines. In this case, the district court determined that Mr. Calderon–Porras was not entitled to be classified as a minimal participant. There exists more than ample evidence in the record to support this conclusion. Moreover, the result is consistent with that reached by other circuits. *E.g., Sanchez–Lopez,* 879 F.2d at 557; *United States v. Daughtrey,* 874 F.2d 213 218–19 (4th Cir.1989); *United States v. Wright,* 873 F.2d 437, 442–43 (1st Cir.1989); *United States v. Nunley,* 873 F.2d 182, 186–87 (8th Cir.1989); *Buenrostro,* 868 F.2d at 137–38.

The decision of the district court is AFFIRMED.