937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William WILTON, Defendant-Appellant.
 No. 90-2209.
 United States Court of Appeals, Tenth Circuit.
 July 2, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant William Wilton appeals the district court's failure to adjust his sentencing offense level downward by two points for what he considers his minor role in a drug cultivation and distribution enterprise. We affirm.
 
 
 3
 Wilton purchased and began to develop property for another individual who ostensibly intended to establish a horse ranch. After some months of work on the project, Wilton became aware of the project's true nature: a marijuana propagation venture. Wilton then informed the project's backers that he did not wish to further associate with them. He did, however, continue to make payments on the property, which he had purchased in his own name. He also continued to pay the subcontractors and other workers improving the land. Although these contracts for the land and improvements were in Wilton's name, all payments were made with money of the drug ring principals.
 
 
 4
 The operation was discovered and Wilton was charged in a multicount indictment with conspiracy to manufacture more than 1,000 marijuana plants, the effectuation of this conspiracy, and engaging in a continuing criminal enterprise. Wilton pleaded guilty to a superseding information charging only the establishment of a marijuana manufacturing operation in violation of 21 U.S.C. Sec. 856(a) and 18 U.S.C. Sec. 2.
 
 
 5
 The presentence report prepared in his case recommended the base offense level for this crime be enhanced by a two-point upward adjustment for Wilton's role as an organizer, leader, manager, or supervisor. See United States Sentencing Comm'n, Guidelines Manual Sec. 3B1.1(c) (Nov. 1990). The report also accounted for Wilton's acceptance of responsibility and accordingly recommended adjusting his offense level downward two points under U.S.S.G. Sec. 3E1.1. Wilton filed objections to the presentence report arguing against the upward adjustment, supporting the downward adjustment, and suggesting a further downward adjustment of two points under U.S.S.G Sec. 3B1.2(b) because of his allegedly minor role in the enterprise.
 
 
 6
 At the sentencing hearing, the judge informed the parties he had reviewed the presentence report and asked Wilton's counsel if he had any objections to the sentence recommended therein. Defense counsel stated he had several objections, which he had appended to the presentence report. Defense counsel stated that all of his objections focused on the proposed upward adjustment for Wilton's alleged supervisory role. The supervisory role adjustment was argued to the court at some length, and the court decided against the upward adjustment.
 
 
 7
 Following this decision, the following discourse occurred:
 
 
 8
 DEFENSE COUNSEL: If it pleases the Court, your Honor, my final objection is objection number eight to paragraph ninety-nine in the presentence report. [Paragraph ninety-nine states the probation office found no reason to depart from the Guidelines.]
 
 
 9
 THE COURT: Well, I'm not going to depart from the Guidelines.
 
 
 10
 DEFENSE COUNSEL: I would only proffer to the Court that under 3B1.2(b), your Honor, that the defendant believes, and I believe that a 3B1.2(b)--[U.S.S.G Sec. 3B1.2(b) requires a sentencing court to adjust a sentence downward two points when the court finds the defendant played a minor role in the offense.]
 
 
 11
 THE COURT: I'm not going to depart from the Guidelines.
 
 
 12
 DEFENSE COUNSEL: Very well, your Honor. That is all the objections I have....
 
 
 13
 This colloquy reveals the confusion that underpins Wilton's appeal. Wilton observes that in the sentencing hearing, the court failed to distinguish between a departure and an adjustment, and the court never clearly denied his suggested downward adjustment. He argues we should either order the district court to change his sentence by subtracting the two point downward adjustment of Sec. 3B1.2(b) from his offense level or remand to the district court so that court can address the issue more explicitly.
 
 
 14
 We normally review the court's decision whether a defendant was a minor participant for clear error. United States v. Williams, 923 F.2d 1397, 1404 (10th Cir.1990), cert. denied, 111 S.Ct. 2033 (1991). "We will not reverse the district court unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990). In this case, however, Wilton has waived the adjustment issue for purposes of appealing the sentence and we review the failure to decrease the offense level only for manifest injustice, see United States v. Kahn, 835 F.2d 749, 754 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988); United States v. Hatchett, 923 F.2d 369, 376 (5th Cir.1991), which is absent here.
 
 
 15
 The terms "adjustment" and "departure" were erroneously employed at the sentencing hearing. It is clear, however, that the onus of this error must be laid at defendant's feet. When asked whether he had any objections to the presentence report, defense counsel referred to his objection number eight, which contested the probation department's conclusion that a departure from the Guidelines sentencing range was unwarranted. Defense counsel did not raise his objections numbered four or five, which referred to his proposed downward adjustment under U.S.S.G. Sec. 3B1.2(b). Although defense counsel mentioned the Guidelines section addressing a minor participant adjustment when attempting to counter the court's refusal to depart, he did not clarify that he sought an adjustment rather than a departure. When the court asked if he had any objections other than the refusal to depart, defense counsel responded in the negative. Wilton therefore has waived the adjustment issue for purposes of appealing the sentence.
 
 
 16
 Even if the issue had been preserved, however, we are confident the court adequately expressed its determination to impose the specific sentence from which Wilton now appeals. While considering the supervisory role adjustment, the court heard extensive testimony from defense counsel regarding Wilton's role in the offense. Based on this testimony, the court deducted two points from the probation department's suggested offense level, leaving Wilton with an offense level of fourteen. The court noted this offense level coupled with Wilton's criminal history category of one indicated a sentencing range of fifteen to twenty-one months. The court then refused to depart from this sentence. Although the court was misled as to the mechanism by which defense counsel suggested the offense level should be decreased, the court's firm intention to reject that suggestion was clear.
 
 
 17
 We find no error in this decision. Wilton cannot complain of the lack of an explanation for the court's decision to impose the sentence he now appeals. The sentencing judge need not state the reasons for his factual findings, United States v. Donaldson, 915 F.2d 612, 615 (10th Cir.1990), or for imposing a sentence within the Guidelines range when that range spans no more than twenty-four months, 18 U.S.C. Sec. 3553(c)(1).
 
 
 18
 Moreover, the facts adduced at the sentencing hearing adequately support the court's decision that Wilton's role in the offense was not minor. See Donaldson, 915 F.2d at 615 (appellate court looks not at district court's stated reasons, if any, for refusing minor participant adjustment, but at whether record contains evidence to reasonably support finding). The court need not balance with precision the relative culpability of codefendants. United States v. Caruth, 930 F.2d 811, 815 (10th Cir.1991) (case involving Smith's codefendant). As we have held in the related context of sentencing drug couriers: "A drug smuggling operation has many participants; some may purchase, some may transport, some may distribute, and some may sell. All are indispensable to the operation. It would be unproductive to debate which function is the more culpable." United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir.1990) (quoted in Caruth, 930 F.2d at 815).
 
 
 19
 Evaluating Wilton's role in the entire operation, see U.S.S.G. Ch. 3, Pt.B., intro. comment., we find the district court's decision to deny the minor participant adjustment reasonably supported by the record. Wilton's role as an agent of the drug ring's principals in procuring the premises and constructing the manufacturing facilities was essential to the operation's success. Despite Wilton's dissociation from the project's principals, he facilitated the advancement and concealment of the operation by continuing to make payments under his own name for the property and "improvements." These facts reasonably support the sentencing court's conclusion that Wilton was substantially culpable for the criminal operation's success.
 
 
 20
 It is clear from the record that the sentencing court was convinced Wilton's role in the offense warranted the sentence imposed, and we agree with this conclusion. Accordingly, we AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3