961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Neil Warren WINTERS, Defendant-Appellant.
 No. 91-2175.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1992.
 
 Before BALDOCK and BRORBY, Circuit Judges, and BELOT, District Judge.*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Neil Warren Winters pled guilty to distribution of psilocybin, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c); 18 U.S.C. § 2, resulting in an offense level of ten with a criminal history category of II (guideline range of eight to fourteen months). Defendant received a split sentence at the lowest end of the guideline range, resulting in four months imprisonment to be followed by three years of supervised release. See U.S.S.G. § 5C1.1(d)(2) (Nov.1991). On appeal, he contends that the district court erred in failing to grant a downward adjustment for a mitigating role in the offense under U.S.S.G. § 3B1.2. Defendant contends that a downward adjustment was warranted because he lacked knowledge of a sophisticated psilocybin growing operation in the basement of his codefendant's apartment complex. Although Defendant made two sales of psilocybin totalling over one pound (476 grams) to an undercover officer, Defendant contends that his culpability should reflect that he "was not privy to the existence, location or details of the growing operation" which netted 1,782.7 grams of psilocybin.
 
 
 2
 A district court's decision on a role in the offense adjustment will be upheld unless clearly erroneous. United States v. McCann, 940 F.2d 1352, 1359 (10th Cir.1991). Defendant urges de novo review arguing that the district court's application of the Sentencing Guidelines to undisputed facts is a "quasi-legal determination" which is in error. At issue in this case, however, are the inferences from those facts. See U.S.S.G. § 3B1.2, comment, (backg'd) (role in the offense adjustment is heavily dependent on the facts). Consequently, the clearly erroneous standard applies.
 
 
 3
 The presentence report indicates that Defendant twice arranged for the sale and delivery of psilocybin, and indicated that cocaine could be partial payment. Even though Defendant may have lacked details about his supplier's generation of psilocybin, a reasonable inference is that Defendant was aware of his supplier's capacity to distribute large quantities. We think the district court had it right when it declined to make the adjustment after explaining that Defendant "was involved in the distribution of a substantial quantity of mushrooms," i.e. over one pound. III R. 7. Indeed, of the total relevant quantity (2,258.7 grams), Defendant was involved in distributing twenty-one percent.
 
 
 4
 Merely because others may have been more heavily involved in the operation does not mean that a Defendant is "substantially less culpable than the average defendant." See U.S.S.G. § 3B1.2 (mitigating role adjustment is "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant"). We have recognized that a drug distribution network involves many indispensable functions, thus we consider "the defendant's knowledge and the activities of others." United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir.1990). Even assuming varying degrees of culpability among codefendants, a district court could well conclude that all possessed at least average culpability.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3