7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham ZARATE-MEZA, Defendant-Appellant.
 No. 93-2110.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Zarate-Meza entered a plea of guilty to the charge of possession with intent to distribute less than fifty kilograms of marijuana and was sentenced to twenty-four months. Mr. Zarate-Meza appeals his sentence asserting his base offense score should be reduced by two levels as a result of his mitigating role in the offense. We disagree and affirm the sentence.
 
 
 3
 Section 3B of the Sentencing Guidelines deals with a defendant's role in the offense. Section 3B1.1 provides for an increase in a defendant's base offense level based upon defendant's role as a leader of the criminal activity. Section 3B1.2 provides for a decrease in defendant's base offense level if he was a minimal or minor participant in the criminal activity.
 
 
 4
 Mr. Zarate-Meza was apprehended on a bus at a United States Border Patrol checkpoint. A drug-sniffing dog alerted to Mr. Zarate-Meza's luggage. Mr. Zarate-Meza confessed that some unknown person paid him $1,000 plus a bus ticket to transport marijuana from El Paso, Texas, to California. Mr. Zarate-Meza was transporting 32.9 kilos of marijuana.
 
 
 5
 At sentencing Mr. Zarate-Meza contended he was merely a drug courier and sought a two-level reduction in his base offense level maintaining he was but a minor participant.
 
 
 6
 The sentencing court denied the request for a reduction in the base offense level stating:
 
 
 7
 I find I am not going to give him minor participant, whether he's a courier or not. He's every bit as important in the delivery chain of drugs as anyone else, higher up or lower down.
 
 
 8
 Mr. Zarate-Meza contends these remarks betray the sentencing court's serious misunderstanding of the mitigating role adjustment. He argues that, as the undisputed evidence showed Mr. Zarate-Meza to be a drug courier, the sentencing court erred by not specifically considering this level of participation and by comparing Mr. Zarate-Meza's conduct to that of the average participant in a smuggling operation.
 
 
 9
 "A district court's determination that a defendant is not a minimal or minor participant under the Sentencing Guidelines is a factual finding we review for clear error." United States v. Rangel-Arreola, 991 F.2d 1519, 1524 (10th Cir.1993) (citing United States v. Calderon-Porras, 911 F.2d 421, 422 (10th Cir.1990)). The Tenth Circuit has repeatedly held "[t]he mere fact that a defendant is a courier in a drug smuggling operation does not entitle that defendant to be classified as a minimal participant." Id. Stated differently, if a defendant is a drug courier and hopes to obtain a decrease in his base offense level for his lesser role in the offense, he will probably find it necessary to prove something more than the sole fact he was a drug courier. Nor is a district court required, as the Appellant argues, to announce detailed reasons for rejecting adjustments under the Guidelines. See United States v. Maldonado-Campos, 920 F.2d 714, 717-18 (10th Cir.1990). We conclude it was not error for the sentencing court to ignore Mr. Zarate-Meza's status as a drug courier in the absence of additional evidence which would tend to show his role in the offense as minimal or minor.
 
 
 10
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3