9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
JUAN CARLOS RAMOS-CHAVEZ, a/k/a Jose Alfred
Verduzco-Beltran, Defendant-Appellant.
 No. 92-2140.
 United States Court of Appeals, Tenth Circuit.
 Nov. 4, 1993.
 
 Before McKAY, Chief Judge, ENGEL* and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 ENGEL, Senior Circuit Judge.
 
 
 1
 Juan Carlos Ramos-Chavez (Ramos) appeals from the 30 month prison sentence imposed upon him by District Judge Juan G. Burciaga on June 29, 1992. Because we find no error in Judge Burciaga's application of the United States' Sentencing Guidelines (U.S.S.G.) to this case, we affirm Ramos' sentence.
 
 
 2
 Ramos pled guilty to possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (1993). At sentencing, Ramos unsuccessfully requested a downward adjustment of his prison term under U.S.S.G. § 3B1.2(b), which provides for a decrease in punishment if the defendant is a "minor participant" in the perpetration of the crime. Judge Burciaga specifically ruled that Ramos was not a minor participant and therefore was not entitled to the minor participant sentence adjustment. Tr. 9-10.
 
 
 3
 We accord great deference to a district court's sentencing decisions. "A district court's determination that a defendant is not a minimal or minor participant under the Sentencing Guidelines is a factual finding which we review for clear error." United States v. Rangel-Arreola, 991 F.2d 1519, 1524 (10th Cir.1993); United States v. Calderon-Porras, 911 F.2d 421, 422 (10th Cir.1990). The defendant "has the burden of proving a downward adjustment for his role in the offense was warranted." United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir.1993).
 
 
 4
 Ramos argues that his role in the drug trafficking operation was insubstantial because he was merely a drug courier. Ramos' argument is predicated entirely on the suggestion in the commentary to the Sentencing Guidelines that a one-time drug courier might be entitled to the downward adjustment for "minimal participation." U.S.S.G. § 3B1.2, Application Note 2. In his brief, Ramos concedes that drug couriers are not automatically entitled to the minor role adjustment, but he nevertheless claims to have been a minor participant under the particular circumstances of this case. Appellant's Br. 5.
 
 
 5
 This court has had ample opportunity to interpret U.S.S.G. § 3B1.2. We have previously determined that a drug courier may play "an important role in [a] marijuana trafficking operation." Rangel-Arreola, 991 F.2d at 1524. Accordingly, we have "refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier." Ibid. See generally Calderon-Porras, 911 F.2d at 423-4.
 
 
 6
 Judge Burciaga determined that Ramos failed to carry his burden of proving that he deserved the minor role adjustment. After carefully reviewing Ramos' written arguments and applying the aforementioned legal principles, we see no reason to upset the trial judge's sentencing determination. The judgment below is AFFIRMED.
 
 
 7
 SO ORDERED.
 
 
 
 *
 Honorable Albert J. Engel, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3