**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALFREDO ROMAN-ROMAN,

    Defendant-Appellant.

No. 03-3276
(D.C. No. 02-CR-40127-01-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **PORFILIO,** Circuit Judges.

Alfredo Roman-Roman pled guilty to conspiracy drug charges in violation

of 21 U.S.C. § 846, 841(b)(1)(A) and 18 U.S.C. § 2.   On direct appeal, we

affirmed the district court's denial of Mr. Roman-Roman's motion to suppress

evidence obtained from a search of his rented vehicle after a traffic stop.   *United*

*States v. Roman-Roman*, 116 Fed. Appx. 994 (10th Cir. Dec. 6, 2004).   The

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Supreme Court summarily vacated the judgment in Mr. Roman-Roman's case and remanded for further consideration of his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Roman-Roman v. United States*, 126 S. Ct. 410 (2005). Having reviewed the parties' supplemental briefs, we reinstate our prior order and judgment and affirm Mr. Roman-Roman's sentence.

Mr. Roman-Roman pled guilty to "conspiracy to possess with intent to distribute in excess of 30 kilograms of a substance or mixture of substances containing a detectable amount of methamphetamine." Aplt. App. at 164. He did, however, preserve his right to appeal the suppression issues in his case. The plea agreement contained a narrative agreed to by both parties detailing the facts surrounding Mr. Roman-Roman's arrest and eventual guilty plea. *Id.* at 165. The narrative stated that Mr. Roman-Roman was stopped by the police while riding as a passenger in a rented van, after which, he and the driver consented to a search of the vehicle. The search resulted in the discovery of sixty-nine pounds of methamphetamine. *Id.* at 166.

After Mr. Roman-Roman entered his plea, a pre-sentence report (PSR) was prepared by the United States Probation Office. That report fully detailed the facts surrounding Mr. Roman-Roman's offense, including that he was found in possession of 30.7 kilograms of methamphetamine. Rec., vol. II at 6-8. The PSR recommended a base offense level of 38. The report also recommended that three

levels be subtracted for acceptance of responsibility under U.S.S.G. § 3E1.1, and an additional two levels for application of the safety valve provision under U.S.S.G. § 5C1.2. Rec., vol. II at 9-10. These calculations resulted in a total offense level of 33, which coupled with Mr. Roman-Roman's criminal history category of I, yielded a sentencing range of 135-168 months. *Id.* at 15. Mr. Roman-Roman did not object to the PSR. Nor did he object when the district court sentenced him to 135 months. He did not appeal his sentence, challenging only the district court's denial of his motion to suppress the evidence found in his vehicle.

In *Booker*, the Supreme Court ruled that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The ruling in *Booker* applies to all cases on direct review. *Id.* at 268. Where, as here, no *Booker* errors were raised below, we review for plain error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Burbage*, 365 F.3d 1174, 1180 (10th Cir. 2004)). Mr. Roman-Roman is

-3-

unable to satisfy this standard.

Our court has identified two different types of sentencing errors under *Booker*. Constitutional *Booker* error arises where the court bases a sentence on judge-found facts. Non-constitutional *Booker* error occurs where the court applies the guidelines in a mandatory fashion. *See id.* at 731-32. Constitutional *Booker* error did not occur in this case because the district court, in sentencing Mr. Roman-Roman, did not rely on judge-found facts to increase his sentence. Instead, his sentence was based entirely on his admission that he possessed more than thirty kilograms of a substance containing methamphetamine. His guilty plea detailed this fact, and he raised no objections to the PSR reciting the same.

This case does present non-constitutional *Booker* error because the district court applied the guidelines in a mandatory fashion when it sentenced Mr. Roman-Roman. Where non-constitutional *Booker* error is involved, the first two prongs of the plain error analysis are met. *See United States v. Clifton*, 406 F.3d 1173, 1181 (10th Cir. 2005). Even if Mr. Roman-Roman could satisfy the third prong of the plain error test, however, we are not convinced he satisfies the final prong. *See Gonzalez-Huerta*, 403 F.3d at 736 (court need not decide third prong of plain error test where defendant cannot satisfy final portion of test). Under the fourth prong of plain error review, we will exercise our discretion to notice an error only if "it seriously affects the fairness, integrity, or public reputation of

judicial proceedings." *Id.* The error must be both particularly egregious and result in a miscarriage of justice if we decline to notice it. *Id.*

Mr. Roman-Roman does not make any substantial argument as to why the district court's error in his case satisfies this high standard. At most, he asserts the conclusory allegation that because he received a reduction under the safety valve provision, mitigating factors existed in his case which could have resulted in a lower sentence, therefore casting the reputation of the district court proceedings in doubt. He fails, however, to point to anything in the record to indicate what specific factors would result in the district court imposing a lower sentence on remand.

In short, this is a "run of the mill case with non-constitutional *Booker* error." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005). Mr. Roman-Roman pled guilty, he received a sentence at the low end of the guideline range which was calculated without any Sixth Amendment violation, and "there is no reason to suppose," *id.*, nor has Mr. Roman-Roman presented sufficient argument to cause us to doubt, that his "sentence is anything but fair and reasonable." *Id.* Mr. Roman-Roman has thus failed to show how the instant error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzales-Huerta*, 403 F.3d at 736. Accordingly, he cannot satisfy the plain error test, and we must affirm his sentence.

We **REINSTATE** our prior order and judgment affirming Mr. Roman-Roman's conviction and, after consideration in light of *Booker*, we **AFFIRM** his sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge