**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 29, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EZEQUIEL ROBLES ESQUIVEL,

    Defendant-Appellant.

No. 05-4318

(D.C. No. 04-CR-562-TS)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, BALDOCK,** and **HARTZ**, Circuit Judges.

Ezequiel Robles Esquivel (Esquivel) pled guilty to possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Esquivel sought a two-level reduction in offense level pursuant to § 3B1.2 of the Sentencing Guidelines (Guidelines) alleging he was a minor participant in the crime. The district court denied his motion and Esquivel appeals from that denial. We exercise jurisdiction pursuant to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291 and affirm.

## I. Factual Background

Esquivel was stopped while driving on I-70 for an equipment violation. As the officer spoke with Esquivel, he detected the odor of marijuana coming from inside the vehicle. A search of the vehicle revealed approximately 1.3 kilograms of methamphetamine.

During questioning, Esquivel stated that he had picked up the vehicle at a rest area in Utah and was transporting it to Colorado. Specifically, he stated a friend by the name of Efrin asked him to travel to Utah, pick up a vehicle, and drive it to Aurora, Colorado in exchange for $200 and some marijuana. Esquivel stated that Efrin had driven him to a rest area in a red Jeep Cherokee to retrieve the car. Although he did not remember the exact location of the rest area, he believed it was about forty-five minutes south of I-70 on I-15. Esquivel stated further that he had no knowledge that drugs were in the vehicle he retrieved. He also stated that he had transported a vehicle in this manner once before when he delivered a car from a Colorado residence to a mechanic shop where the vehicle was later stripped.

Officers located a cell phone inside the vehicle Esquivel was driving. Esquivel denied that he owned the phone. Phone records confirmed forty-eight calls were made from the cell phone on the day of the stop and that these calls were made to thirteen different area codes. As officers

interviewed Esquivel, the cell phone rang. Esquivel agreed to return the call in an attempt to make contact with Efrin. Upon placing a call, he asked for Manuel, not Efrin. Esquivel later admitted that the name Efrin was fictitious and admitted further that he was aware that there were drugs in the vehicle. Officers also confirmed that the vehicle was registered to "Manuel Torres Juares."

After entering his guilty plea, Esquivel asked the district court to reduce his base offense level by two levels because he was a minor participant in a larger drug distribution scheme. The district court denied Esquivel's motion and sentenced him to 188 months of imprisonment.

## II. Analysis

Esquivel contends that the district court erred in denying his request for a § 3B1.2 minor participant reduction. We conclude the district court did not err because Esquivel failed to carry his burden to establish that he was a minor participant.

We review for clear error the district court's refusal to award a defendant a reduction for minor participant status under § 3B1.2. United States v. Virgen-Chavarin, 350 F.3d 1122, 1131 (10th Cir. 2003). The "'clearly erroneous' standard requires the appellate court to uphold any district court determination that falls within a broad range of permissible conclusions." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400 (1990);

-3-

see also United States v. Santistevan, 39 F.3d 250, 253-54 (10th Cir. 1994) ("We will not disturb a district court's finding of fact unless it is without factual support in the record, or if after reviewing the evidence we are left with the definite and firm conviction that a mistake has been made.") (internal quotation marks omitted).

Section 3B1.2 of the Guidelines provides a range of adjustments for a defendant who "plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, cmt. n.3(A).[1] Specifically, § 3B1.2(b) permits a court to reduce a defendant's offense level by two levels if the defendant was a "minor participant in any criminal activity." Id. § 3B1.2(b). According to the commentary that follows, "[t]his guideline is not applicable unless more than one participant was involved in the offense." Id. § 3B1.2, cmt. n.2. "Participant," in turn, is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Id. § 3B1.2, cmt. n.1. "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant

---

[1] "We interpret the Sentencing Guidelines as if they were a statute," United States v. Tagore, 158 F.3d 1124, 1128 (10th Cir. 1998), and the Commentary to the Guidelines as "authoritative unless [they] violate[ ] the Constitution or a federal statute, or [are] inconsistent with, or a plainly erroneous reading of" the Guidelines, Stinson v. United States, 508 U.S. 36, 38 (1993).

-4-

Conduct) . . . and not solely on the basis of elements and acts cited in the count of conviction." Id. Ch. 3, Pt. B, intro. cmt.

The district court's decision of whether to apply a minor role adjustment under § 3B1.2 "is heavily dependent upon the facts of the particular case." Id. § 3B1.2, cmt. n.3(C). Significantly, "[a]s with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." Id.; see also United States v. Salazar-Samaniega, 361 F.3d 1271, 1278 (10th Cir. 2004). We have held that the minor participant inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." Salazar-Samaniega, 361 F.3d at 1277 (quoting United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir.1990)). A defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a reduction under § 3B1.2. Virgen-Chavarin, 350 F.3d at 1131.

Esquivel asserts that the district court erred because it failed to compare his criminal involvement to that of others. Esquivel contends that he was a small cog in a large drug conspiracy and he relies heavily upon unsupported assertions, both his own and those which defense counsel proffered on his behalf at sentencing. Because such self-serving testimony

is clearly insufficient to meet the burden of establishing entitlement to a minor role reduction, the district court did not err. See Salazar-Samaniega, 361 F.3d at 1278 ("A defendant's own testimony that others were more heavily involved in a criminal scheme may not suffice to prove his minor or minimal participation, even if uncontradicted by other evidence.")

Moreover, Esquivel's assertions lack credibility for other reasons. For example, Esquivel stated that he was unaware he was transporting drugs, but later confessed he was aware of his cargo. Also, Esquivel stated that he was transporting the vehicle for a friend named Efrin, but later conceded that Efrin was fictitious. Clearly, the district court did not err in finding Esquivel's statements lacked credibility and were insufficient to justify a role reduction.

Esquivel's remaining evidence in support of his minor role argument is weak. Esquivel asserts that the red Jeep Cherokee which was reported as following him shows his limited involvement in the crime. Esquivel also asserts that since he owned neither the vehicle he was driving, nor the cell phone found in the vehicle, he was merely a minor participant. Likewise, he asserts that the fact that he only had $12 in his possession when he was arrested (money allegedly provided by Manuel for gasoline) supports his claim that he was a minor player. Nonetheless, the import of these facts is ambiguous at best and we conclude that the district court did not err in

finding them insufficient to establish that Esquivel was a minor participant. See United States v. Heckard, 238 F.3d 1222, 1234 (10th Cir. 2001) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (internal quotation marks omitted). Further, as regards the cell phone, Esquivel's ownership of the phone appears less significant, when determining his role in the crime, than his extensive use of the phone to make numerous calls, including calls to thirteen different area codes.

Esquivel also argues that the district court erred in concluding that the quantity of drugs found in the vehicle precluded him from receiving a minor role adjustment. We disagree. The Commentary to § 3B1.2 establishes that "a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported . . . is not precluded from consideration for" a minor participant reduction. U.S.S.G. § 3B1.2, cmt. n.3(A). At sentencing, defense counsel argued "whether it was a large quantity or a small quantity [of drugs transported] is no longer taken into account" when conducting a minor participant inquiry. Appx., Vol. IV, p. 10. The district court disagreed with counsel's characterization, stating, "What [the Commentary] says is he's not precluded, but . . . the Court can certainly take [drug

-7-

quantity] into consideration." Id. Defense counsel agreed. Because the district court did not hold that the Guidelines precluded Esquivel from being considered for a minor participant reduction, it did not err in this regard.

Esquivel argues further that the district court overemphasized the significance of the quantity of drugs found in the vehicle, because drug quantity is relevant to the role reduction inquiry only insofar as it reflects knowledge and degree of culpability. It is true we have expressed some concern regarding a district court's heavy reliance upon drug quantity when addressing a request for a minor role reduction. See United States v. Caruth, 930 F.2d 811, 816 (10th Cir. 1991) ("We are concerned by the court's reference to the quantity of drugs. . . . The quantity of drugs has already been taken into account in establishing the offense level and taking the quantity into account once again in deciding upon the applicability of adjustments for minimal or minor participation risks imposing double punishment."). Nonetheless, absent evidence that the district court applied an erroneous legal interpretation of the Guidelines, we have declined to remand for resentencing. See id. ("However, we are not persuaded that the district court was proceeding under an erroneous legal interpretation of the Guidelines when it refused to make a further two-point downward adjustment in [defendant's] favor.").

Here, the district court stated that Esquivel's role was "viable and

important" and that he "engaged in similar behavior or conduct on at least one other occasion." Appx., Vol. IV, p. 11. The district court added that these factors, "combined with the significant amount of drugs involved," established Esquivel's role was not minor. Id. We conclude the district court noted the amount of drugs seized from the vehicle as an indicator of Esquivel's knowledge and degree of culpability.

Finally, Esquivel claims that the district court erred in finding that he had engaged in at least one other prior relevant drug transaction. However, even assuming this were true, the resulting error would be harmless in light of Esquivel's total failure to carry his burden to establish by a preponderance of the evidence that he was a minor participant in the crime in question.

Accordingly, we AFFIRM the judgment of the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge