**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALFREDO ROMAN-ROMAN,

    Defendant-Appellant.

No. 07-3141

(D.C. Nos. 06-CV-3305-SAC and
02-CR-40127-SAC)
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Alfredo Roman-Roman, a federal prisoner appearing pro se, seeks to appeal the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence. The matter is before this court on Roman-Roman's request for a certificate of

appealability (COA). Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and,

because Roman-Roman has not made a "substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84

(2000), we deny a COA and dismiss this matter.

Roman-Roman entered a conditional guilty plea to one count of conspiracy to

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 18 U.S.C. § 2, and was sentenced to 135 months of imprisonment. We affirmed on appeal. United States v. Roman-Roman, 116 Fed. Appx. 994 (10th Cir. Dec. 6, 2004). The United States Supreme Court subsequently remanded for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005), Roman-Roman v. United States, 126 S. Ct. 410 (2005), and, upon remand, we again affirmed, United States v. Roman-Roman, 172 Fed. Appx. 811 (10th Cir. Mar. 27, 2006). Roman-Roman then filed his § 2255 petition, asserting a claim of ineffective assistance of counsel. The district court denied the petition. Because the district court did not issue Roman-Roman a COA or state why a certificate should not issue, we deem that Roman-Roman's constructive request for a COA was denied. See United States v. Kennedy, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000) (holding that a COA is deemed denied if the district court does not address its issuance within thirty days). Roman-Roman now seeks a COA and review of his ineffective assistance of counsel claim.

Our granting of a COA is a jurisdictional prerequisite to Roman-Roman's appeal from the denial of his § 2255 petition. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To be entitled to a COA, Roman-Roman must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Roman-Roman must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

2

Miller-El, 537 U.S. at 336 (internal quotations omitted).

To determine whether Roman-Roman has satisfied his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 637 U.S. at 338. Although Roman-Roman need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotations omitted). Having undertaken a review of Roman-Roman's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El, we conclude Roman-Roman is not entitled to a COA. The district court's resolution of Roman-Roman's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.

Specifically, the gravamen of Roman-Roman's claim is that because he was only a drug courier, he was a minor or minimal participant in the drug conspiracy. His trial counsel, Roman-Roman concludes, thus rendered ineffective assistance of counsel by failing to seek a role reduction during sentencing pursuant to U.S.S.G. § 3B1.2 and Amendment 640, U.S.S.G. App. C, 264-65 (2002). Under the two-part test established by the Court in Strickland v. Washington, 466 U.S. 668 (1984), Roman-Roman must prove that "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the defense." Id. at 688, 692. Here, no reasonable jurist could conclude that Roman-Roman could satisfy either

3

element of an ineffective assistance of counsel claim.

First, the mere fact that a defendant is a drug courier neither mandates nor prohibits a role reduction. See U.S.S.G. § 3B1.2, comment., n. 3(A); see also United States v. Harfst, 168 F.3d 398, 402-03 (10th Cir. 1999) ("There is no per se rule in this circuit that couriers are minor or minimal participants"). Instead, the decision of whether to apply a role reduction under § 3B1.2 "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment., n. 3(C). Significantly, "[a]s with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." Id.; see also United States v. Salazar-Samaniega, 361 F.3d 1271, 1278 (10th Cir. 2004) ("A defendant's own testimony that others were more heavily involved in a criminal scheme may not suffice to prove his minor or minimal participation, even if uncontradicted by other evidence."). Instead, we consider "the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." Salazar-Samaniega, 361 F.3d at 1277 (quoting United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir. 1990)).

In light of this standard, no reasonable jurist could conclude that Roman-Roman's trial counsel acted unreasonably by failing to seek a role reduction, because Roman-Roman's vague and conclusory argument that he was merely a drug courier is, without more, insufficient grounds to justify such a reduction. Bolstering our conclusion is Roman-Roman's failure to meaningfully dispute the district court's finding that *not*

4

seeking a role reduction was sound trial strategy because (1) no objection was lodged to the pre-sentence report or to the district court's tentative sentence during sentencing, (2) counsel affirmed at sentencing that the proposed length of the sentence, which did not include a role reduction, was anticipated by both counsel and Roman-Roman as a result of the plea agreement, and (3) the statements Roman-Roman made to the police after arrest failed to identify with particularity another more culpable individual.

Second, no reasonable jurist could conclude that Roman-Roman was prejudiced by his trial counsel's failure to seek a role reduction. We reach this conclusion in light of the above and given Roman-Roman's failure to dispute the district court's findings of fact (1) that he purposefully and intentionally entered into employment as a drug courier, (2) that he participated in the planning and carrying out of the charged crime, (3) that he traveled a substantial distance with a significant amount (69 pounds) of methamphetamine, and (4) that the unusually small payment he received suggests he was to either receive profits from the distribution of methamphetamine or additional compensation in the future.[2]

---

[2] Roman-Roman's additional claim that the district court erred by failing to apply Amendment 640 to the United States Sentencing Guidelines also lacks merit because that Amendment, since repealed, was only applicable when a district court granted a defendant a role reduction. See U.S.S.G. App. C., Amendment 640, 264-65 (2002), superseded by U.S.S.G. App. C, Amendment 668, 91-92 (2004).

We therefore DENY Roman-Roman's application for a COA and DISMISS this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge