UNITED STATES of America,
Plaintiff–Appellee,

v.

Gerald DONALDSON, Jr., Lowell R.
Donaldson, Defendants–Appellants.

Nos. 89–2017, 89–2020.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 1990.

Reber Boult (Timothy M. Padilla with him, on the briefs), Albuquerque, N.M., for defendants-appellants.

Robert J. Gorence, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Larry Gomez, Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and SETH and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Defendants Lowell R. Donaldson and Gerald Donaldson, Jr. appeal from their sentences imposed following guilty pleas to drug conspiracy charges. Lowell Donaldson pleaded guilty to conspiracy to possess with intent to distribute less than one hundred kilograms of marijuana, and Gerald Donaldson, Jr. pleaded guilty to conspiracy to possess with intent to distribute more than one hundred kilograms of marijuana, both in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).

Defendants first present several challenges to the validity and constitutionality of the Sentencing Guidelines. Second, defendants assert that the district court erred in determining the weight of marijuana seized by the government. Finally, defendant Gerald Donaldson, Jr. argues that he

was a minor participant entitled to a reduced base offense level, and that the court erred in not stating its reasons for not reducing his base offense level.

## I

When the United States Customs Service seized several hundred pounds of marijuana from the wreckage of an aircraft near Albuquerque, New Mexico, the marijuana was charred from the burning wreckage and wet from the water used to extinguish the accompanying fire. Five suspects, including defendants, were apprehended near the scene. A federal grand jury indicted defendants along with three others on counts of conspiracy to possess with intent to distribute, importation, and possession with intent to distribute, more than one hundred kilograms of marijuana. Defendants pleaded guilty to separate conspiracy charges pursuant to a plea agreement.

Defendants took an appeal of the sentence to this court. Upon motion of the government, concurred in by defendants, we remanded the case to the district court for a determination of the weight of the marijuana and for resentencing. The district court thereafter conducted an evidentiary hearing in accordance with the remand order.

Before the initial sentencing, defendant Lowell Donaldson had filed a motion for discovery of scientific tests and an independent analysis and weighing of the seized marijuana. The district court granted this motion, but before the marijuana was delivered it was destroyed by government officers. The evidence presented at the evidentiary hearing by the government then took the form of statements by a customs service agent and records indicating that the marijuana had a "dry" weight of 1154.9 pounds. IV R.Supp. 10–11. The agent also testified that the marijuana initially weighed about 1300 pounds, but had "lost" approximately 150 pounds over the course of seven months. Id. at 16. Defendants countered with evidence from an earlier hearing before the court which concerned the amount of water used to extinguish the aircraft and an affidavit by a chemist stating that a weight of 1155 pounds was consistent with 800 pounds of marijuana being soaked by a large quantity of water and later stored. Id. at 22; Appellants' Brief After Remand at 5; II R.Supp. tab 155, 180. In addition, the affidavits stated that experiments conducted by spraying marijuana with water resulted in a weight gain proportional to that of the seized marijuana. II R.Supp. tab 155. The district court agreed with the government's assessment of the weight and found it to be 1154.9 pounds.

The court also rejected the presentence report's declaration that Gerald Donaldson, Jr. was a "minor participant" warranting a two-point reduction in offense level. The court refused to state its reasoning for concluding that defendant Gerald Donaldson, Jr. was not a minor participant, but did state that it regarded him "as culpable as his brother." IV R.Supp. 40. The court sentenced each defendant to eighty-seven months incarceration. Under the Sentencing Guidelines, this sentence is permissible for Gerald Donaldson, Jr. only if the weight of the marijuana exceeded 880 pounds and he was not entitled to the two-point reduction for being a minor participant.

## II

Defendants assert that the Sentencing Guidelines are invalid because (1) they limit judicial discretion in sentencing, violating due process; (2) the Sentencing Commission failed to follow the congressional mandate of providing for the least restrictive alternative (probation); (3) the Sentencing Commission failed to follow the congressional mandate as to prison population; and (4) the General Accounting Office's study of the potential impact of the Sentencing Guidelines was untimely and inadequate. In addition, defendants argue that the fifty dollar special assessment is unconstitutional. Each of these arguments is without merit.

Defendants' due process arguments were expressly addressed and rejected by this court in United States v. Thomas, 884 F.2d 540, 544 (10th Cir.1989). We reject defen-

dants' other arguments on the validity of the Sentencing Guidelines for the reasons set out in *United States v. White*, 869 F.2d 822, 827–29 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). Defendants' contention that the fifty dollar special assessment is unconstitutional has been expressly rejected by the United States Supreme Court in *United States v. Munoz-Flores,* —— U.S. ——, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990).

## III

■ Defendants assert that the government should not have been allowed to claim a weight above its initial 800 pound estimate because government agents destroyed the marijuana before defendants could examine it pursuant to the court's order; they contend that admission of the custom agent's testimony and documentation of the marijuana's weight, which resulted in a higher base offense level, violated defendants' due process rights and should have been excluded. We disagree.

Whether destruction of evidence by the prosecution amounts to a violation of due process turns on the principles enunciated in *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), and *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). Both cases rejected due process arguments in cases in which the government destroyed evidence before defendants could conduct independent analyses. In *Trombetta*, involving breath samples in drunk driving cases, the Court stated that the test for constitutional error requires that the destroyed evidence must "both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." 467 U.S. at 489, 104 S.Ct. at 2534. *Youngblood*, involving semen samples from a rape victim, added the requirement, for evidence that is only potentially exculpatory, that a defendant must show bad faith on the part of the police in failing to preserve potential-

ly useful evidence. 488 U.S. at 57–58, 109 S.Ct. at 337–38.

Although *Trombetta* and *Youngblood* were directed at trial proceedings, we consider their analysis applicable, in significant part, to sentencing proceedings. The marijuana destroyed here had exculpatory value only in the sense that if its weight was less than the court found, the sentencing range would be affected. The government offered no explanation discernible from the record as to why the evidence was destroyed except the customs officer testified that the marijuana was in the possession of the Drug Enforcement Administration and destroyed by officials of that agency. At oral argument before this court government counsel attributed the destruction to miscommunication between two governmental agencies. But that alleged miscommunication was not in the record. If we were satisfied that the evidence was destroyed in bad faith by the government we would uphold defendants' position. But it is the defendant who bears the burden of showing bad faith under *Youngblood, see* 488 U.S. at 58, 109 S.Ct. at 337; and because defendants offered no evidence of bad faith by the government, their argument on this issue must fail.

■ The government presented evidence on the weight of the marijuana. Defendants had the opportunity and did present other comparable evidence in the form of affidavits and cross-examination on the weight of the marijuana. The evidence offered was within the scope of evidence a court may consider at the sentencing stage. *United States v. Beaulieu*, 893 F.2d 1177, 1179–80 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). The district court considered the presented evidence and determined the weight of the marijuana to be 1154.9 pounds. Applying a clearly erroneous standard of review, as we must, the court's findings have factual support in the record, and we are not left with the definite and firm conviction that a mistake was made. *Id.* at 1182.

## IV

Finally, defendant Gerald Donaldson, Jr. contends that the district court erred in failing to give him a two-point offense level reduction because he was a "minor participant" in the conspiracy. He also argues that the district court's failure to state its reasons for not giving him the two-point reduction violated due process and the sentencing guidelines statute.

The argument concerning the reduction in offense level for a "minor participant" must fail under the principle enunciated in several of our recent rulings. *See United States v. Calderon–Porras*, 911 F.2d 421, 423–24 (10th Cir.1990); *United States v. Arredondo–Santos*, 911 F.2d 424, 426 (10th Cir.1990); *United States v. Pelayo–Munoz*, 905 F.2d 1429 (10th Cir.1990). In those cases, we held that drug couriers, allegedly under the direction of others, are not necessarily minor participants under section 3B1.2 of the Guidelines. The commentary to section 3B1.2 makes it clear that we look to culpability, not status or position: "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 comment, n. 3 at 3.6. This culpability determination is a finding of fact reviewed under a clearly erroneous standard. *United ed States v. Lord*, 907 F.2d 1028, 1031 (10th Cir.1990).

▪ In the present case, the district court was not bound by the statement in the presentence report that Gerald Donald-son, Jr. was a minor participant; it made its own determination. The court could find, based on the facts that Donaldson traveled from the United States to Mexico, returned to the United States in a plane with over 1000 pounds of marijuana, and had a prior drug-related conviction, that he was no less culpable than the other participants in the conspiracy and therefore not deserving of an offense level reduction.

▪ It is true that the district court refused to state the basis for its finding.[1] But Gerald Donaldson's arguments concerning lack of factual findings confuses fact findings by the district court with the reasons that court must give for a sentence it imposes. As stated above, we review fact findings under a clearly erroneous standard, and we have held that the determination whether a defendant is a minor participant is a fact question. *See United States v. Sanchez*, 914 F.2d 208, 209 (10th Cir.1990). Although it would more clearly inform the defendant and help on appellate review if the district judge would state why he found as he did, there is no legal requirement that the judge state reasons for his finding of fact. *See* Fed.R.Crim.P. 23(c), 32(c)(3)(D); *cf.* Fed.R.Civ.P. 52(a). On appeal we review the record to determine whether it contains sufficient evidence that a reasonable judge could make that particular finding.

In contrast, we review the particular *sentence* imposed under a reasonableness standard, if the sentence is reviewable at all. *See United States v. Gardner*, 905 F.2d

---

1. Defendant Gerald Donaldson, Jr. points to the following exchange between the district court and the defense attorney:

   "MR. BOULT: ... You said that—the finding that minor—the credit for minor participation was not warranted. That was—
   THE COURT: Yes, the probation officer or the probation office considered him to be a minor participant and recommended that he be given a two-point reduction. I am not following that recommendation, and I disagree with the probation office that he was a minor participant.
   I find that he was not a minor participant. MR. BOULT: And as I understand the Court's findings, that was based on the fact that an airplane was used and he had a prior record.

   THE COURT: Well, I'm not going to commit myself to why. I do not agree with the probation office that he was a minor participant. MR. BOULT: The court did say those two things, and I was inquiring as to whether those related to the—as to the purpose for the Court making those findings.
   THE COURT: I'm not going to give you my reasoning, Mr. Boult, on why I did not consider him to be a minor participant. I find that he is not a minor participant.
   MR. BOULT: All right, I—
   THE COURT: As far as I'm concerned, he's equally as culpable as his brother. The fact that his brother was a pilot does not diminish the role of this defendant, and he's not a minor participant."
   IV R.Supp. 39–40.

1432, 1434 (10th Cir.1990), *cert. denied* — U.S. —, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990). Reasons for the particular sentence are expressly required under 18 U.S.C. § 3553(c), which states that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." Under 18 U.S.C. § 3742(e), the sentencing judge must give sufficient reasons for imposing a particular sentence to take the reviewing court out of the zone of speculation. *See United States v. Smith,* 888 F.2d 720, 724 (10th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

· Here in its written judgment the district court gave reasons for the eighty-seven month sentence imposed on Gerald Donaldson, Jr., citing the use of an airplane for transporting marijuana from Mexico into the United States and defendant's prior drug-related conviction. Thus, the district court made a permissible fact finding that Gerald Donaldson, Jr. was not a minor participant, and that the weight of the marijuana was in excess of 880 pounds. It also gave adequate reasons for its imposition of the particular sentence it imposed upon him.

AFFIRMED.