948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lyle COPELAND, Defendant-Appellant.
 No. 90-2086.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1991.
 
 Before RYAN, Circuit Judge, WELLFORD, Senior Circuit Judge, and HIGGINS, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Lyle Copeland appeals his sentence imposed under the Sentencing Guidelines. He raises the following issues on appeal:
 
 
 2
 1) Whether the trial court's finding of fact with respect to the relevant conduct for Copeland's sentence was clearly erroneous;
 
 
 3
 2) Whether the trial court erred in including the carrier medium for LSD as part of the total mixture for purposes of determining the drug quantity under the Sentencing Guidelines;
 
 
 4
 3) Whether the trial court's finding that Copeland was a leader under U.S.S.G. § 3B1.1(c) was clearly erroneous; and
 
 
 5
 4) Whether the trial court's finding that Copeland possessed a firearm during the commission of the offense under U.S.S.G. § 2D1.1(b)(1) was clearly erroneous?
 
 
 6
 We conclude that the district court did not err with respect to any of these findings and therefore affirm Copeland's sentence.
 
 I.
 
 7
 Lyle Copeland was convicted of multiple counts of drug trafficking violations, including conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; distribution of cocaine and LSD, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute cocaine, LSD, and marijuana, in violation of 21 U.S.C. § 841(a)(1).
 
 
 8
 After the sentencing hearing, the district court determined Copeland's base offense level on the basis of its finding that Copeland's relevant conduct included a seven-week conspiracy that involved 720 grams of heroin equivalent. The court further found that Copeland was the leader of the conspiracy and therefore subject to a two level enhancement under U.S.S.G. § 3B1.1. The court increased his offense level another two points under U.S.S.G. § 2D1.1(b)(1) finding that Copeland possessed a firearm during the commission of the crime. Finally, the court found that Copeland had accepted responsibility for his offenses and therefore decreased his offense level by two points under U.S.S.G. § 3E1.1(a).
 
 II.
 
 9
 Copeland complains that the district court's finding that he was responsible for 720 grams of heroin equivalent was not supported by facts in the record. This court reviews a sentencing court's factual determinations for clear error. United States v. Moreno, 933 F.2d 362, 374 (6th Cir.), cert. denied, 112 S.Ct. 265 (1991). A finding of fact is " 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989) (quoting Archer v. Macomb County Bank, 853 F.2d 497, 499 (6th Cir.1988)).
 
 
 10
 The district court made tentative findings of fact before the sentencing. In these tentative findings, the court concluded that the conspiracy lasted 25 days and involved 359.95 grams of heroin equivalent. It determined the amount of narcotics by adding together the quantities of drugs obtained by controlled purchases from Copeland and those seized at the time of his arrest. Copeland does not dispute this figure.
 
 
 11
 After the sentencing hearing, the court amended its tentative findings of fact in a written document entitled "Guideline Findings." It determined at this time that the conspiracy actually occurred over a period of seven weeks and concluded that the government had proven that the equivalent of 720 grams of heroin should be considered in the determination of the offense level. The court did not articulate, however, the reasons for its new findings of fact.
 
 
 12
 Copeland does not contest the court's conclusion that the conspiracy lasted seven weeks instead of twenty-five days, but he does challenge the court's use of 720 grams of heroin equivalent for its calculation of the base offense level. Copeland contends that this finding of fact is clearly erroneous because it is unsupported by facts in the record.
 
 
 13
 We note first that the district court's failure to articulate its reasons for reaching this finding of fact is not a basis for this court to remand the case for resentencing. Although an explanation of the sentencing court's basis for its findings of fact would assist this court in reviewing those findings, it is not required that the sentencing court, in every instance, state specific reasons for its findings of fact. See United States v. Donaldson, 915 F.2d 612, 615 (10th Cir.1990). This court has, in the past, reviewed the record itself to determine whether the sentencing court's findings are clearly erroneous. Perez, 871 F.2d at 48. That is not the better practice, however, and we strongly suggest that district courts can avoid the imposition of a per se requirement that supporting factual data must be articulated upon the sentencing record by voluntarily following the obviously better practice of identifying the evidentiary basis for relevant conduct findings.
 
 
 14
 After carefully reviewing the record ourselves and considering the arguments of the parties, we conclude that the district court's finding that Copeland was responsible for 720 grams of heroin equivalent is not clearly erroneous. Copeland argues that the district court's calculation cannot be sustained because it was, in the words of the district court, "an estimated guesstimate." This court, however, has approved of the use of estimates in calculating drug quantities in certain circumstances:
 
 
 15
 We believe that the guidelines do not permit the District Court to hold a defendant responsible for a specific quantity of drugs unless the court can conclude the defendant is more likely than not actually responsible for a quantity greater than or equal to the quantity for which the defendant is being held responsible. If the exact amount cannot be determined, an estimate will suffice, but here also a preponderance of the evidence must support the estimate.
 
 
 16
 United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.) (emphasis in original), cert. denied, 111 S.Ct. 532, and sub nom. United States v. Mitchell, 111 S.Ct. 273, and Johnson v. United States, 111 S.Ct. 530 (1990).
 
 
 17
 After determining that the conspiracy lasted twice as long as originally found, the district court, based upon the web of direct and circumstantial evidence described in the record, was required to estimate the quantity of drugs for which Copeland was responsible during the first half of the conspiracy. There is more than sufficient evidence in the record to support the conclusion that Copeland was actually responsible for a quantity of drugs far greater than the 720 grams of heroin equivalent for which the sentencing court held him responsible. Because the district court's finding is supported by substantial evidence, we cannot say that it was clearly erroneous.
 
 III.
 
 18
 Copeland's second assignment of error is that the district court erred by including the weight of the blotter paper that was the carrier medium for the LSD as part of the total weight of the drug mixture for purposes of determining the drug quantity under the Sentencing Guidelines. The Supreme Court has resolved this issue. In Chapman v. United States, 111 S.Ct. 1919, 1929 (1991), the Court concluded:
 
 
 19
 We hold that the statute requires the weight of the carrier medium to be included when determining the appropriate sentence for trafficking in LSD, and this construction is neither a violation of due process, nor unconstitutionally vague.
 
 
 20
 In light of this clear, controlling precedent, Copeland's contention in this regard must be rejected.
 
 IV.
 
 21
 Copeland's two remaining assignments of error challenge the court's factual findings concerning Copeland's role as a leader in the conspiracy and his possession of a firearm during the conspiracy. Those findings resulted in the addition of two points to the sentencing base offense level. We review these findings of fact for clear error. Moreno, 933 F.2d at 374. After carefully reviewing the record, we conclude that the district court's findings with respect to these two matters are supported by substantial evidence and therefore are not clearly erroneous.
 
 V.
 
 22
 For the foregoing reasons, we AFFIRM the sentence imposed by the district court on Lyle Copeland.
 
 
 23
 WELLFORD, Senior Circuit Judge, concurring in part and dissenting in part:
 
 
 24
 I concur, without reservation, in parts III and IV of the majority opinion and I find the background of the case succinctly and correctly stated in part I. It is with respect to part II only that I dissent.
 
 
 25
 I have no problem with applying the suggested standard of review--the finding that the clearly erroneous standard applies to a district court's determination of the relevant conduct drug quantity. My problem with part II is that, as stated by the majority, the district "court did not articulate ... the reasons for its new findings of fact." (Emphasis added). Despite this failure to articulate, the majority opinion states that this is "not a basis for this court to remand the case for resentencing." I disagree, and I find the case cited for that proposition, United States v. Donaldson, 915 F.2d 612 (10th Cir.1990), easily distinguishable on its facts. In Donaldson, the evidence and the position of the parties gave the district court only two choices as to amount of marijuana involved in the offense. Under the circumstances, Donaldson held that the district court's factual findings were not clearly erroneous. In the present case, the district court was not presented with such limited and clearly defined options.
 
 
 26
 Not only is it "better practice" for the district court to identify "the evidentiary basis for relevant conduct findings," as indicated by the majority opinion, it is also, in my view, required. The district court's "estimated guesstimate" in this case was insufficient because it precludes a reasonable appellate review of the challenged sentence. It is not our proper function to explore the record (here a joint appendix of 120 pages of sentencing transcript) to determine whether there is "sufficient evidence" to support an unexplained "guesstimate" of the quantity of drugs found to be includable under relevant conduct. United States v. Walton,[1] 908 F.2d 1289 (6th Cir.), cert. denied, 111 S.Ct. 532, and sub nom. United States v. Mitchell, 111 S.Ct. 273, and Johnson v. United States, 111 S.Ct. 530 (1990), cited by the majority, does permit the district court to make a reasonable estimate of the relevant conduct drug quantity for which a defendant is actually responsible within the meaning of the guidelines. Id. at 1302. We also stated in Walton, however, that a sentencing judge "must err on the side of caution." Id. (The district court there, as here, "was struggling with the computation of amounts." Id.). Indeed, Walton counsels that we remand this issue to the district court for an adequate explanation of the basis for its sentencing decision in order to avoid a potentiality that Copeland "receive[d] [an] excessive sentence[ ] based on a finding of quantity that [may be] ... more likely than not excessive." Id.[2]
 
 
 27
 In addition to the uncertainties involved and the insufficiency of the district court's explanation for sentencing Copeland based on 720 grams of heroin equivalent, I would remand because the district court seemed to misunderstand his considerable role and discretion under the guidelines in making the determination at issue. He stated:
 
 
 28
 Unfortunately the law no longer gives the Court, as you say, mercy or discretion.
 
 
 29
 .............................................................
 
 
 30
 ...................
 
 
 31
 * * *
 
 
 32
 If I had discretion--I think the sentence I'm imposing on him is grossly inappropriate.
 
 
 33
 I think that the sentence that I have to impose in this case is not an appropriate sentence, however, I don't find any discretion under the Guidelines; therefore I have no choice except in this case to sentence Mr. Copeland to a period of 151 months."
 
 
 34
 (Emphasis added).
 
 
 35
 The district judge simply held that "the period of time was twice the period of time in the tentative findings and the amount of drugs was twice the amount." This finding may be correct and there may be a preponderance of the evidence to support it if the district court articulates the basis for its conclusion. I would remand only this issue to the district judge with directions to use his reasonable discretion in making a quantity determination based on the evidence before him, including hearsay evidence.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 This judge was a participating panel member in Walton
 
 
 [2]
 Walton also involved estimates of weekly quantities of cocaine for which defendant was held responsible. It was decided shortly before the sentencing of Copeland