**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TREVOR A. WELLS,

     Defendant-Appellant.

No. 99-3312
(D.C. No. 99-CR-10036-02-WEB)
(Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Trevor A. Wells was indicted for his participation in a scheme to defraud a bank in Witchita, Kansas, with his girlfriend and co-defendant, Shauntell Polite. Ms. Polite, an employee of NationsBank, used her position to transfer money out of customer accounts and into accounts set up by Mr. Wells, Ms. Polite, and her father, Clifton Polite. Mr. Wells pled guilty to one count of bank fraud. At his sentencing hearing, the district court denied Mr. Wells' request for a reduction pursuant to U.S.S.G. § 3B1.2(b) based on his role in the offense as a minor participant. He appeals and we affirm.

The Sentencing Guidelines allow the district court to grant a two-level reduction if it finds that the defendant's role in the offense, while not minimal, makes him substantially less culpable than most other participants. *See.* U.S.S.G. § 3B1.2(b) comment. (n.3 & backg'd). The burden of proof is on the defendant to establish by a preponderance of the evidence that he is entitled to a reduction of his offense level. *See United States v. Santisteven*, 39 F.3d 250, 253-54 (10th Cir. 1994). The Sentencing Commission recognized that "[t]he determination whether to apply . . . subsection (b) . . . involves a determination that is heavily dependant upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (backg'd). We review the district court's decision for clear error because the court's determination that Mr. Wells was more than a minor participant is a finding of fact. *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999).

Mr. Wells argued at his sentencing hearing and in his objections to the Presentence Report that his only role in the offense consisted of spending the money put into his account by Ms. Polite. He claims that because he had no part in accessing the customer accounts or transferring the funds, he should have been considered a minor participant. The district court disagreed, finding that Mr. Wells' offense involved discussing the fraud scheme with Ms. Polite, opening an account, obtaining an ATM card, and repeatedly checking on and withdrawing illegally transferred money out of the account. The court placed particular emphasis on the fact that Mr. Wells alone spent the $17,000 he withdrew from the account.

"The commentary to section 3B1.2 makes it clear that we look to culpability, not status or position . . . ." *United States v. Donaldson*, 915 F.2d 612, 615 (10th Cir., 1990); *cf. Onheiber*, 173 F.3d at 1258 ("[A] defendant is not necessarily entitled to a sentence reduction under 3B1.2 solely because he can show that he was a middleman."). In this case, the offense was a two-stage transaction: Ms. Polite transferred the funds into Mr. Wells' account, and Mr. Wells withdrew the funds. Ms. Polite may have had more knowledge of and access to the bank's customer account computer files, but the district court found that Mr. Wells actively participated in the scheme and exclusively benefitted from the proceeds. Mr. Wells has shown us nothing to persuade us the district court's

factual findings related to his culpability are clearly erroneous.

**AFFIRMED.**

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge