**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL LOUIS LIPP,

Defendant-Appellant.

No. 99-3187
(D.C. No. 98-3108-SAC)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant appeals the district court's denial of his motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255. At issue is whether

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant's counsel provided constitutionally ineffective assistance by failing to object to the weight of marijuana set forth in the presentence investigation report (PSI), which the court used to calculate defendant's sentences on several drug charges. The pertinent counts of conviction are: Count 1, conspiracy to possess with intent to distribute 2,000 pounds; Count 5, possession with intent to distribute 135 pounds; Count 6, possession with intent to distribute 34 cultivated plants; and Count 11, possession with intent to distribute 125 pounds.

The procedural history of this case is recounted in detail in the district court's decision denying § 2255 relief. *See United States v. Lipp*, 54 F. Supp. 2d 1025, 1027-28 (D. Kan. 1999). We will discuss only those matters relevant to these proceedings. Defendant was represented through trial and sentencing by John Ambrosio. At sentencing on December 21, 1993, the district court determined that although the ultimate goal of the conspiracy was to possess and distribute 2,000 pounds of marijuana, defendant's participation in the conspiracy was limited to the amounts involved in the three substantive possession counts of which he was convicted. Therefore, the court attributed a total of 34 plants and 260 pounds of marijuana to defendant for sentencing purposes, which the PSI calculated to equal a total of 121.3 kilograms of marijuana.

Defendant retained new counsel, Susan Hunt, to represent him on appeal, where this court reversed defendant's conviction on a firearms count. *See United*

*States v. Wacker*, 72 F.3d 1453, 1480 (10th Cir. 1996) (as modified on denial of rehearing). On remand, the district court imposed a new sentence having a primary term of 120 months, the mandatory minimum for possession of more than 100 kilograms of marijuana. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5G1.1(b). Defendant, who was represented by Ms. Hunt throughout the proceedings on remand, did not object to the weight of marijuana used by the district court to calculate the new sentence, nor did he appeal the sentence. Instead, acting through Ms. Hunt, he filed the present § 2255 motion in which he argued that Mr. Ambrosio was constitutionally ineffective. [1]

Defendant alleged that on November 22, 1993, Mr. James Chappas, who was counsel for a co-defendant, and Agent William Halvorsen, from the Kansas Bureau of Investigation (KBI), reweighed the marijuana at issue and found that it weighed less than 100 kilograms. Defendant further alleged that this information was conveyed to Mr. Ambrosio prior to sentencing, but that Mr. Ambrosio failed to use it to challenge the weights set forth in the PSI, upon which the district court relied. In its response to defendant's § 2255 motion, the government argued that the court properly relied on the weights in the PSI in imposing sentence and,

---

[1] Defendant raised several additional arguments in his § 2255 motion, but he has not pursued any of them on appeal. Therefore, we will discuss only his claim of ineffective assistance of counsel.

therefore, that Mr. Ambrosio's failure to challenge those weights did not constitute ineffective assistance of counsel.

The district court held an evidentiary hearing on defendant's motion on May 11, 1999. The sole witnesses at the hearing were Mr. Chappas and Agent Halvorsen. Mr. Chappas testified about the circumstances surrounding the November 22, 1993 weighing of the marijuana and about his observations that day. According to Mr. Chappas' notes, the marijuana at issue weighed 94.07 kilograms on November 22. *See* Appellant's Supplemental App. at 11. When asked whether he conveyed his findings to Mr. Ambrosio, Mr. Chappas stated that he did not recall discussing his findings with Mr. Ambrosio, but that he may have discussed whether a discrepancy in weight would affect his own client's sentence. *See id.* at 13.

Agent Halvorsen testified about how the marijuana had been stored since its seizure in September 1990 (135 lbs. and 34 plants) and March 1991 (125 lbs.), respectively, and about the KBI's standard procedures for weighing marijuana. He also testified about various factors that may have contributed to the marijuana's loss of weight during the years since its seizure. Specifically, he testified that up until the end of trial in July 1993, the marijuana was stored in climate-controlled, dehumidified environments, which would have dried it out. Agent Halvorsen also testified that each time the marijuana was moved, some of it

would shake out. Rather than indiscriminately add this "shake" back into one of the batches of marijuana, Agent Halvorsen would destroy it. He estimated the loss of shake to total about three or four dustpans full. Finally, Agent Halvorsen testified that once the trial ended in July 1993, the marijuana was moved to a secured storage area in the parking garage at the KBI's headquarters. When he and Mr. Chappas went to the storage area in November to weigh the marijuana, they discovered that rodents had gotten into it and had "honeycombed through it." *Id.* at 30.

After the evidentiary hearing, the district court "invested a great deal of time reviewing the relevant portions of the trial transcript, the exhibit sheet and the PSI to inform and refresh the court's own independent recollection of the evidence relevant to Lipp's sentence." *Lipp*, 54 F. Supp. 2d at 1035 (footnote omitted). The court ultimately denied defendant's claim of ineffective assistance of counsel because the evidence showed that "more than 100 kilograms of useable marijuana was attributable to Lipp." *Id.* The court concluded that "it properly attributed more than 100 kilograms of marijuana to Lipp, and that it would do so again today if it were to resentence Lipp even at this time." *Id.*

On appeal, defendant argues that the district court erred in concluding that the evidence established that more than 100 kilograms were properly attributable

to him.  Defendant also argues that by allowing some of the marijuana to be destroyed, the government violated his right to due process. [2]

To establish a claim for ineffective assistance of counsel, a defendant must establish both that his counsel's performance was objectively unreasonable and that this deficient performance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"In reviewing ineffective assistance of counsel claims, [w]e must accept the district court's underlying factual findings unless clearly erroneous, but we review de novo whether counsel's performance was legally deficient and whether any deficiencies prejudiced [the Defendant]." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (quotation omitted; alteration in original).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of

---

[2]  The district court granted defendant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B).

-6-

sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

Based upon our review, we conclude that defendant has not shown any prejudice resulting from his counsel's failure to object to the weight of the marijuana set forth in the PSI on the ground that three years after its seizure, it weighed less than 100 kilograms. Although defendant has objected only to the performance of his original counsel, Mr. Ambrosio, the same lack of prejudice would defeat any claim he might have against his current counsel, Ms. Hunt, for her failure to object to the weight of marijuana used by the district court to calculate defendant's sentences.

At the time defendant was resentenced in 1997, the United States Sentencing Guidelines provided that "[u]nless otherwise specified, the weight of a controlled substance set forth in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c), note A. The application notes further provided, however, that

> [m]ixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. . . . [I]n the case of marihuana having a moisture content that renders the marihuana unsuitable for consumption without drying (this might occur, for example, with a bale of rain-soaked marihuana or freshly harvested marihuana that had not been dried), an approximation of the weight of the marihuana without such excess moisture content is to be used.

U.S.S.G. § 2D1.1, comment. (n.1).

The district court concluded that more than 100 kilograms were properly attributed to defendant for sentencing purposes. First, the court credited Agent Halvorsen's testimony about the reasons why the marijuana weighed less in November 1993 than it did when seized several years earlier. *See Lipp*, 54 F. Supp. 2d at 1035. Second, the court concluded that even if it did not take into account Agent Halvorsen's explanations, more than 100 kilograms were still properly attributable to defendant. Specifically, the court found that the evidence at trial established that the 125 pounds of marijuana involved in Count 11 was in a processed and useable state. *See id.* at 1035-36. Therefore, the court reasoned, even if it attributed to defendant only the lesser weights of November 1993 for the partially processed marijuana in Count 5 and the 34 plants in Count 6, when those weights were added to the 125 pounds from Count 11, the total weight of marijuana would still exceed 100 kilograms. *See id.* at 1036.

Defendant attacks the district court's reliance on Agent Halvorsen's explanations on the grounds that neither the destruction of the shake nor the ingestion of marijuana by rodents would account for the amount of weight loss demonstrated. These challenges fail to recognize that the district court did not find that either loss of shake or ingestion by rodents was solely responsible for the weight loss. Rather, the court found that the weight loss was due to a

combination of both factors, together with the natural rotting and dehydration of the vegetative matter.

Defendant also attacks the district court's reliance on Agent Halvorsen's explanations on due process grounds. He contends that the government destroyed potentially exculpatory evidence in violation of his due process rights by destroying the shake and by allowing rodents to destroy part of the marijuana. The government argues that we should not address this issue, because defendant failed to raise it to the district court. Defendant counters by arguing that he tried to raise this argument to the district court, but the government objected and the district court refused to hear the argument. Our review of the record does not support defendant's version of events.

Defendant's counsel did initially ask to file a supplemental brief at the end of the evidentiary hearing, but later offered to withdraw the request, stating that the court already had all the issues before it. *See* Appellant's Supplemental App. at 49-50. Additionally, counsel subsequently stood mute when the court invited her to present argument on any issues that were not already briefed. *See id.* at 51. Thus, it appears that the court gave counsel an opportunity to raise the present due process argument, but counsel failed to take it.

In any event, the due process argument fails on the merits. As in *United States v. Donaldson*, 915 F.2d 612, 614 (10th Cir. 1990), "[t]he marijuana

destroyed here had exculpatory value only in the sense that if its weight was less than the court found, the sentencing range would be affected." Therefore, to show that destruction of the marijuana violated his right to due process, defendant had to show "bad faith on the part of the [government] in failing to preserve potentially useful evidence." *Id.* "[B]ecause defendant[] offered no evidence of bad faith by the government, [his] argument on this issue must fail." *Id.*

Defendant also attacks the district court's determination that even disregarding Agent Halvorsen's explanations, more than 100 kilograms of marijuana were properly attributable to defendant. First, defendant contends that the court erred as a matter of law when it concluded that the weight of marijuana attributable to defendant could properly include some water weight. Defendant apparently interprets the sentencing guidelines as requiring that weight be calculated based on marijuana that is bone dry–like the brittle and dusty plants Mr. Chappas described seeing in November 1993. The plain language of the guidelines, however, requires only that the weight calculation exclude excess water that makes the marijuana unuseable. Therefore, if the district court correctly determined that the water contained in the marijuana at the time it was seized did not make the marijuana unuseable, then the court did not commit legal error by including the weight of that water in the weight of marijuana attributable to defendant.

-10-

Second, defendant contends that the district court was clearly erroneous when it found that the 125 pounds of marijuana involved in Count 11 was in a processed and useable form at the time it was seized. Defendant notes that the PSI stated that this marijuana was seized from the barn, and argues that this fact shows the marijuana was not yet fully dried. Our reading of the record, however, supports the district court's finding. Therefore, that finding was not clearly erroneous.

In sum, we conclude that the district court did not err when it determined that more than 100 kilograms of marijuana were properly attributable to defendant. Therefore, even if the failure of either of defendant's counsel to object to the weight of the marijuana set forth in the PSI was unreasonable, that failure did not prejudice defendant. Accordingly, the district court properly denied defendant's claim for ineffective assistance of counsel.

The judgment of the United States District Court for the District of Kansas

is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge