**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANTHONY L. WHITENER,

      Defendant-Appellant.

No. 02-1524

(D. Colorado)

(D.C. No. 02-CR-010-02-D)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Defendant Anthony Whitener pleaded guilty to possession of a firearm by a

felon in violation of 18 U.S.C. § 922(g)(1). The district court determined that

Defendant had a total offense level of 19 and a criminal history category of VI

under the United States Sentencing Guidelines. It then sentenced him to 63

months in prison, the minimum sentence in the guideline range. Defendant

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

challenges the sentence on two grounds: that the district court (1) improperly relied on a presentence report (PSR) produced by a prejudiced probation officer and containing several errors, and (2) abused its discretion when it refused to grant a downward adjustment (or departure) from the offense level for Defendant's minor role in the offense. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U S.C. § 1291, we affirm.

1. PSR

Defendant makes several objections to the factual assertions in the PSR. He fails to indicate, however, how any of the alleged factual errors affected his sentence. None had any bearing on the calculation of his offense level or criminal history category. For instance, Defendant objects to the characterization of the incident leading to his 1994 conviction for second-degree assault on a peace officer, but his criminal history category is calculated on the basis of sentences served for prior convictions, no matter the nature of the underlying incident. *See* USSG § 4A1.1(a–f) & comments. Nor did any alleged factual error adversely affect the district court's exercise of discretion, because the court sentenced Defendant at the bottom of the guideline range.

2. Downward Adjustment

Defendant contends that he was entitled to a two-point offense-level reduction under USSG § 3B1.2(b) because he was a "minor participant" in the

offense. "The sentencing court's determination that [the defendant] was not a minor participant is a finding of fact which we review for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Smith*, 131 F.3d 1392, 1399 (10th Cir. 1997). Defendant in essence argues that he was a minor participant in the *sale* of the weapon during which his possession occurred. *See* Aplt's Br. at 9–10. But he makes no argument that he was a minor participant in the *possession* of a firearm*,* the crime that formed the basis of his offense-level calculation. Nor could he. He either possessed a gun or did not. There were no other participants in *his* possession of the gun. This is apparently how the district court analyzed the matter. *See* Aplee's App. at 38 ("[T]he [D]efendant's charged with possession of a firearm after having been previously convicted of a felony. . . . [H]e was previously convicted, he was holding [the gun] on his person . . . , and he admitted those things happened. So I'm confused about how a role adjustment is appropriate on this record."). The district court's finding that Defendant was not a minor participant is not clearly erroneous.

3. <u>Downward Departure</u>

Defendant, perhaps as a result of confusion over terminology, also urges that the district court abused its discretion in declining to depart downward from the sentence prescribed by the Sentencing Guidelines on the basis of Defendant's

minor role. *See* Aplt's Br. at 8. This court lacks jurisdiction to review a district court's refusal to depart downward from the Sentencing Guidelines, "except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). Because Defendant did not seek in district court a downward departure on the basis of his minor role, *see* Aplt's App. Vol. I at 56 (seeking downward departures for "exceptional remorse" and "lesser harm" only), the district court had no occasion to consider whether it lacked the authority to depart from the Guidelines on that basis. This issue not having been preserved below, we have no jurisdiction to address it on appeal.

We AFFIRM the district court's judgment and sentence. We DENY Defendant's motion for appointment of counsel.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-